## No. 6905.

### THE STATE vs. JOHN P. BECKER.

The tender of a license tax, and its deposit in court by a defendant who is threatened by the State with seizure, and against whom an injunction has issued to restrain him from carrying on his business, are not such voluntary acts as will estop him from pleading the unconstitutionality of the tax, and recovering the amount of the tax, if the same is adjudged to be illegal.

The act of the Legislature imposing an additional license tax on saloon-keepers who give singing and dancing entertainments, in conjunction with their occupation of selling liquors, does not violate the constitutional requirement of equality and uniformity of taxation.

Any change in the judgment of the lower court, desired by the appellee, must be asked for by him in a regular answer to the appeal. It is not sufficient to demand it merely in his brief.

APPEAL from the Third District Court, parish of Orleans. *Monroe,* J.

*J. C. Egan,* Assistant Attorney General, for plaintiff and appellee.

*B. R. Forman* for defendant and appellant.

The opinion of the court was delivered by

DEBLANC, J.    Defendant owns and conducts—in this City—a coffee-house or beer saloon, in which theatrical plays, dancing and singing are performed—and, in accordance with paragraph 7 of the 1st Section of Act No. 14 of 1872, the Tax Collector notified him to call at his office and pay—as keeper of the aforesaid saloon and for last year—a license of $1000; or that—otherwise—he would proceed to recover it by seizure.

He refused to pay the license thus demanded, and—on the 7th of September 1877, an injunction issued from the 3d District Court, prohibiting him to carry on his saloon. He was—besides—cited to appear before said court to show cause why he should not be condemned to pay to the State the amount of the license claimed. He appeared on the same day, alleged that he had tendered said amount to the Collector, who had refused to accept it, renewed his tender in court, left it in the hands of the Clerk, and prayed to be discharged from further liability, on the ground that the action filed against him was premature.

The Judge on being informed of the tender and of its deposit, dissolved the injunction allowed against defendant, who now assails, as unconstitutional and as discriminating between his and similar callings, that part of act No. 14 which imposes different licenses on coffeehouses and saloons where theatrical plays, dancing and singing are performed, those where no such performances are had, and on Bar-rooms in and out of steamboats.

The assistant Attorney General contends that defendant's unrevoked tender is a standing acknowledgment of his indebtedness to the State, and that he can not be released from the payment of costs, by reason of his tender which is a confession of the debt, and be heard to deny and contest the liability that he has judicially confessed. Had defendant's resistance to the payment of the license ceased when he made the tender, he would certainly have avoided all the costs of this litigation; but—since his deposit with the Clerk—he has incessantly opposed the payment of the license, and—if he fails in his opposition—he must certainly bear the expenses of the appeal he has taken.

Do his tender and deposit preclude him from urging the unconstitutionality of the license imposed on his calling? They do not: the tender and deposit were made under circumstances which repel the presumption that they were voluntary: they were the direct and immediate consequence of a threatened seizure, of an injunction already allowed, the execution of which would have, at least, suspended defendant's business.

"Taxes illegally assessed may always be recovered back, if the Collector understands from the payee that the tax is regarded as illegal, and that suit will be instituted to compel the refunding, and a payment made to release goods from seizure, or after threat of distress of goods, is a payment on compulsion."

Cooley on Taxation, p. 568 and 569.

Does the act of 1872 imposing that license violate the 118th article of the State Constitution, which provides "that taxation shall be equal and uniform?" Is the calling of one who keeps a coffeehouse or beer saloon wherever theatrical plays, dancing and singing are performed

free of charge, the same as the calling of one who keeps a barroom on a steamboat or elsewhere, without such performances ?

Defendant's counsel contends that the music and dancing are mere accessories to the business of selling liquors by the drink, and that, as his client charges no entrance fee to his establishment, the tax imposed on his business is higher than that imposed on others engaged in a similar business, and—therefore—is neither equal nor uniform.

The Judge of the lower Court, considering that the injunction in behalf of the State was prematurely issued, dissolved it at its costs and rendered judgment against defendant for the amount of the license, and he has appealed.

The Legislature has, and not without reason, considered that there is a difference between the callings herein before referred to; for, it seems evident that, in such a saloon as that kept by defendant, the main attraction, the principal entertainment is the music, dancing and singing, the presence and performance of the dancers and singers. It is, in reality, a concert saloon with a barroom attached to it, or rather a combination of the two, and—though no admission fee is required to enter it—those who do so are induced and expected to spend, not merely in proportion to what they drink, but in proportion also to what they see and what they hear, and—we imagine—that expectation is seldom deceived. Many, who could take their drink at ten different places nearer than that where "those accessories " are to be found, pass those ten different places to go to the other. Were it not for the amount of the license—there would undoubtedly be an indiscriminate opening of such establishments in the City; and it has often been held that, in cases of that description, the object of the license is less to raise the revenue by taxation than to discourage the occupation.

Cooley on taxation, p. 410, and authorities cited by him.

" The constitutional requirement that taxation shall be equal and uniform throughout the State, does not inhibit the Legislature from, nor deprive it of the power of dividing the objects of taxation into classes, but it does command the law-making department of the government to impose the same burden on all who are in the same class."

29th A. 284.

Defendant's establishment belongs to a special class of coffeehouses and barrooms, and that part of the act of 1872 imposing upon it a license which differs in amount from those imposed on coffeehouses and barrooms which belong to another and a distinct class, does not conflict with any of the provisions of article 118 of the State Constitution.

It has escaped the attention of counsel to file an answer to the appeal, and ask a change of the judgment, as concerns that part of it which condemns plaintiff to pay the costs of the lower court. His

State vs. Becker.

printed argument alone refers to that fact, and—as that argument is not the answer, or equivalent to the answer required by law, the change he thus seeks to obtain can not be allowed.

C. P. 592, 888; 5th A. 140, 38, 683; 1 A. 340.

It is, therefore, ordered and decreed that the judgment appealed from is affirmed; the costs of the appeal to be paid by defendant.