CARROLLTON RAIL ROAD COMPANY. *vs.* AVART ET AL.

' APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The fact of a rail road company having possessed themselves of a strip of land through the plantation of the defendants and constructed the road through it, does not preclude their instituting suit afterwards and having the land adjudged to them, on assessment and payment of the damages sustained by the owner, according to the provisions of their charter.

This is an action to condemn a portion of land belonging to the defendants, through which the New-Orleans and Carrollton rail road runs for the use and occupation of the rail road. The condemnation of the land in question is sought under the 5th section of the act chartering the company, in 1833. The clause immediately invoked in this suit, reads as follows :

"If the company cannot agree with the owners of lands which may be wanted for the construction of the road, the court shall summon a jury to examine the land required for the road, after ten days' notice to the owners, to ascertain the damages they may sustain by the appropriation of such land to the uses required by said company, and certify the same to be a true, fair and impartial valuation and assessment, describing the land condemned," &c. " And such valuation or assessment when *paid or deposited* in court for the owner of said land, shall entitle the company to the right, title and estate and interest in the same as fully as if it had been conveyed by the owners of the same," &c.

The company prays for the condemnation and appropriation to their use of so much of the lands of the defendants for the construction of their road as is authorised by their charter, on paying such damages as shall be awarded.

The defendants excepted and denied the right of the company to subject them to the present proceedings, because said company having forcibly and without consent taken

EASTERN DIST.
March, 1836.

CARROLLTON
RAIL ROAD CO.
vs.
AVART ET AL.
possession of their lands and constructed their road thereon, without having paid them any indemnity, are answerable in damages for the trespass and can exercise under their charter in respect to these defendants, none of the privileges granted thereby, &c.

It was admitted by the counsel for the plaintiffs that the Rail Road Company had already taken possession of the tracts of land belonging to the defendants, and specified in the petition, and had constructed the road thereon.

The case was tried on the exception of the defendants and admission by the plaintiffs. The parish judge sustained the exception, and the plaintiffs appealed.

*J. Slidell,* for the plaintiffs.

*Eustis,* contra.

1. That *all the provisions* of the charter authorising the company to take lands for the purposes of a rail road, were predicated on the supposition that the company should *not be in possession* of the lands. This is the only case in which the company can exercise the extraordinary rights given in the charter, it being the only case provided for therein.

2. By the charter, no *right of entry* on lands is given, and the company is bound to resort to the ordinary remedy for *forced expropriation.* See *Louisiana Code, article* 489.

3. The allegations in the exception must be assumed to be true for the purpose of testing their sufficiency as matters of exception. The forcible and unauthorised taking of possession of the land by the company preclude them from resorting to the summary remedy authorised by the charter, which was limited to cases in which the property is in the possession of the owner, and in which the company seeks peaceably and lawfully to divest the owner of it *after paying him a reasonable indemnity.*

*Mathews, J.,* delivered the opinion of the court.

The present suit is instituted in pursuance of the 5th section of the act of incorporation approved on the 9th of

February, 1833. This section of the law authorises the corporation, in the event of not being able to obtain from the proprietors of land, through which the road might necessarily pass, a title by purchase or in any other manner, to apply to the District Court of the first judicial district, or to the Parish Court of the parish and city of New-Orleans, for the purpose of having a jury summoned to assess the damage which may be occasioned to proprietors for such extent of land taken from them as is deemed by the law necessary for the construction of the road, and in this way to obtain titles.

Previous to the commencement of the present proceedings, the Rail Road Company had obtained possession of a quantity of land sufficient for their purposes in making the road, on parcels of ground or small tracts of land belonging to the defendants, and had actually made the road through these premises.

This circumstance is made the basis of an exception to the legality of the present proceeding of the plaintiffs, to obtain title to the property of which they are thus in possession.

The exception was sustained by the court below and the plaintiffs appealed.

The evidence of the case does not show the manner in which they obtained possession, whether forcibly or by consent of the defendants. But it must be presumed from the present pursuit to obtain title, that the possession which the plaintiffs now hold is not based on any title.

How this naked possession can preclude them from taking the steps authorised and prescribed by the act to obtain titles, we cannot conceive. There is no penalty of this kind denounced in the law itself as a consequence of taking property, nor are we acquainted with any provisions of the general laws now in force in this state from which such penalty or prohibition may be deduced.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed and annulled ; and it is further ordered, adjudged and decreed, that the cause be remanded to said court to be tried on its merits, and that the appellees pay the costs of this appeal.

EASTERN DIST.
*March*, 1836.

CARROLLTON
RAIL ROAD CO.
*vs.*
AVART ET AL.

The fact of a rail road company having possessed themselves of a strip of land through the plantation of the defendants, and constructed the road through it, does not preclude their instituting suit afterwards, and having the land adjudged to them, on assessment and payment of the damages sustained by the owner, according to the provisions of their charter.