## LOUISA FUSILIER *v.* POLICE JURY OF ST. MARY.

The law requires the commissioners appointed to lay out a road over a plantation, to do so with as little injury or inconvenience to the owner as is compatible with the public interest; and where this has not been done, the courts will compel the police jury to observe the rule.

The ordinances and decisions of a police jury in reference to the laying out of a public road on the lands of a planter, are not final and conclusive. They are subject to the control of the courts.

APPEAL from the District Court of St. Mary. *Voorhies*, J. In this case, the defendants plead the prescription of one year, and excepted that the ordinances and decisions of the police jury were final and conclusive as to the proper location of the road.

*Jules G. Olivier*, for plaintiff, contended :' The plaintiff is appellant from a judgment of the district court, rendered on the verdict of the jury.

The facts of the case are these : In 1850, the police jury of the parish of St. Mary directed the opening of a road from the main public road in front of plaintiff's plantation, at or near said plantation, through the Cypremort prairie. A jury of freeholders, under this ordinance, proceeded to lay out a road through the plantation of plaintiff, commencing at the upper line of plaintiff's land, running with said line for a short distance, and then in various directions over the enclosed grounds of the plaintiff, until it strikes a point on the Bayou Choupic, where it is proposed to build a bridge. The blue line on the map annexed to the record, and marked No. 1, represents, from B to G, the road as laid out by the police jury. The line from B to E, shaded in yellow from D, indicates the route designated by plaintiff. Twelve hundred and eighty-seven dollars and fifty cents ($1287 50) were the damages assessed by the police jury. The jury, to whom this case was submitted, found for the plaintiff three thousand dollars ($3000) damages, but maintained the road as laid out by the police jury, and judgment was rendered accordingly.

After an ineffectual effort to obtain a new trial, the plaintiff appears before this court, and, by her counsel, contends : That having clearly shown that the road designated by her would afford the same facilities to the public, and is as practicable as the route marked off by the police jury; and alleging and showing that the road, as designated by her, would be less injurious to her, (and of this she is the best judge,) while at the same time affording the same convenience to the public, the verdict of the jury and the judgment of the court, besides allowing the damages claimed, should have been in her favor, changing the course of the road laid out by the police jury, and substituting therefor that designated by her.

Conceding the right of the police jury to direct a passage to be opened on the plaintiff's lands, for the use of the public, they were bound to do it with as little injury as possible to the property of the plaintiff. The very act of the legislature which confers the power, contains the injunction. It is doubtless true, that cases arise when individual rights must be made to yield to public exigencies—this is one of the first laws of society; but it is equally true, that when the wants of a community require an act to be done which derogates from private vested rights, the utmost circumspection must be observed ; for it is, in fact, a blow at the sacred right of property. For purposes of public utility, the plaintiff is made to surrender property to which she had an absolute right. When she is thus to be forcibly divested of her right, is she not to be listened to when she says to the police jury : "I concede that, for the purposes intended, you have the power to deprive me of a portion of my property ; but I have the right to ask, and I do ask, that you do it with as little prejudice as possible to the rest of my property ?"

The counsel for the defendants have contended, before the lower court, and they may again do it here, that the action of the police jury, in laying out the road, is final and conclusive. That such is not the case, needs no argument. Sec. 2 of act of 12th March, 1818, B. and C., p. 737 ; 7 R. R., 121 and 509. They say that the act of 1818, so far as regards the parish of St. Mary, was repealed by sec. 2 of the act of the 2d of April, 1835. That the legislature could have been so dementate as to confer on the parochial authorities the arbitrary power of depriving one of his property for the public use, and deny the owner the right of appeal to a court and jury having a power of revision over the damages assessed, as well as the course of the road, is a proposition so repugnant to every principle of right and justice, that it is hardly necessary to advert to it. The act of 1835 is nothing more, in this respect, than a repetition of the powers con ferred by the act of 1818, on police juries generally, and does not, in any manner, affect or abridge the right, given to the owner on whose estate the passage is granted, to appeal to the district court, in case he should be dissatisfied with the damages assessed or the course the road is to take.

*Wilson* and *McClarty*, for defendants, contended : The facts of this case have been stated at length in the brief of the appellant's counsel, filed with the transcript.

FUSILIER
*v.*
POLICE JURY
OF ST. MARY.

FUSILIER
*v.*
POLICE JURY
OE ST. MARY.

The points in the case which the counsel for the appellees ask permission to present to the consideration of this court, are as follows, viz: 1st Was the exception to jurisdiction of the court of this first instance properly overruled? 2d. If the court be of opinion that the exception was properly overruled, then should the judgment of the court below, with regard to the location of the road, be disturbed? 3d. Are not the damages allowed by the verdict of the jury and the judgment of the inferior court, excessive, and should not the judgment bo amended in this respect?

The first question presented by the counsel for the appellees, is one upon which the law is not so clear and explicit as to relieve it from doubt. By the statute of March 12, 1818, B. and C., 738, the appellant in this case, feeling herself aggrieved by the decision of the jury of freeholders in laying out the road, would certainly have had the right to appeal to the district court, provided there had been no other act passed upon this subject; but by the 8th and 9th sections of an act, approved March 16, 1830, B, and C., 763, revived and put in force, as to the parish of St. Mary, by act of March 10, 1834, B. and C., 742, and also by virtue of an act, approved April 2, 1835, B, and C., 743, full power is vested in the police jury of the parish of St. Mary, to pass and make such regulations and ordinances as they may deem advisable, for the purpose of making, laying out and opening of roads, &c.; and the roads in said parish, the statute provides, shall be laid out and opened in pursuance of such regulations and ordinances passed by the police jury. These statutes were passed for a specific purpose, and are limited in their operation to the parish of St. Mary. They delegate to the police jury of that parish, peculiar and specific powers; and by virtue of the powers thus conferred, the regulations and ordinances of said police jury, at least so far as regards the location of roads, have the force and efficacy of a law, and of course cannot be appealed from. The counsel for the appellant, in his brief, contends that the act of April 2, 1835, is nothing more than a repetition of the powers conferred upon police juries by the general law of 1818. Why would the legislature be so "dementate" as to delegate powers to the police jury of the parish of St. Mary, by the act of April 2, 1835, which they had already possessed by virtue of the general statute of 1818. If the act of 1818 confers all the powers which are delegated by the statute of 1844, then the latter act is a law, without any necessity to demand it, or any reason to justify it, and affords a much more striking evidence of an utter want of mind in the Legislature than if it had confided exclusive and conclusive powers to the police jury of the parish of St, Mary over the subject of roads within the parish. If the statute of 1835 has any meaning, we contend that it is to give to the police jury of the parish of St. Mary exclusive and final jurisdiction with regard to location of roads, a power not conferred by any general law, and we therefore think that the exception to the jurisdiction of the lower court was improperly overruled.

The judgment of the court was pronounced by

ROST, J. The law made it the duty of the commissioners appointed to lay out the road over the plantation of the plaintiff, to do so with as little injury or inconvenience to her as was compatible with the public interest. It seems to us that this has not been done. No necessity has been shown for running the road through the plantation buildings, and within twenty-five or thirty feet from the negro cabins and the stable; this is an inconvenience to which the plaintiff should not be subjected without necessity.

It is therefore ordered, that the judgment in this case be reversed, the proceedings of the commissioners set aside, and the case remanded, with directions to the district judge to refer again the laying out to the commissioners, so that it may be done according to law.

It is further ordered, that the defendants pay the costs of this appeal.