Monell, J.
The unqualified refusal of the defendant to convey, rendered the demand for a deed in March or April sufficient in time, substance and form. An offer to execute the bond and mortgage and pay the balance of the purchase money, was therefore, unnecessary, (Blood v. Goodrich, 9 Wend. 68; Driggs v. Dwight, 17 id. 71,) and the plaintiff is entitled to a decree for the specific performance of the contract, unless his failure to accept the deed on the 20th of February was a rescission of it.
In the. view I have taken of this case it is not necessary to determine, whether the time stated for the completion of the purchase was or was not an essential part of the contract. If the defendant on that day was unable for any reason to perform on his part, then it cannot be insisted by him, that the specified time was of the essence of the contract, or that the omission of the plaintiff to „ demand performance on that day will excuse the defendant’s performance now. On the only day that the defendant offered and was willing to convey, the premises were in the actual possession of his tenants, for terms not then determined. They were also incumbered by assessments which were unpaid.
It is well settled that the ve'ndee of property, under a contract to convey a title free from all incumbrances, is not bound to take the title if, at the time performance is ten *119 dered, there are incumbrances existing upon it. (Judson v. Wass, 11 John. 525. Tucker v. Woods, 12 id. 190.) In the first case the action was to recover damages, for a breach of an agreement for the purchase of land upon which there was a mortgage, and the court held that the purchaser was not bound to pay for the land with the incumbrance upon it. In the other case, the court charged the jury, at the trial, that if there was an outstanding lease on the plaintiff’s property, which would have prevented his giving possession, in case the defendant had been willing to carry the contract into execution, the plaintiff was not in a situation to convey; and the charge was sustained. To the same effect are the cases of Lawrence v. Taylor, (5 Hill, 107,) and Fletcher v. Button, (4 N. Y. Rep. 396,) in which it was decided that a deed which conveyed no title was not a performance of a contract to convey.
The tenure of Linden, one of the persons in possession, was for a definite period. The written evidence continued" and extended the term to the 1st of August, 1866, and the parol evidence of any agreement limiting such term, was improper, and must be excluded. That portion of the premises, of a lease, for which there was no written evidence, was held under the parol arrangement, which was probably terminable at the option of the landlord. The person so holding was, however, a tenant at will, whose tenancy could not, without the exercise of such option, be termil nated except upon a notice of thirty days. (1 R. S. 697.) To terminate the tenancy upon a sale of the premises, it was at least necessary that notice thereof should be given to the tenant; and it is very clear that until such notice was given, there could be" no termination of the tenancy. The proof offered, of a parol agreement on the part of the tenant of the four lots on Sixty-second street, to surrender the possession upon a sale by the owner, was not compe *120 tent evidence. It was in conflict with the written contract contained in the receipt of January 25, 1866, which acknowledged the receipt of the rent for these lots in advance, to the 1st of August, 1866, and tended to vary such written contract. The receipt was the best evidence of the letting, and must control.
The question then arises, was the defendant, on the 20th of February, in a situation to convey the lots free from all incumbrances ? The evidence is, that the lots bn that day, were in the actual possession of the defendant’s tenants, holding respectively under the agreements, which have been mentioned. There is no proof that any notice of the sale had been given, or that the' defendant had exercised his option, if he had any, of terminating the tenancy. The agreement to surrender was not such a covenant, it seems to me, as would run with the land, and enure to the benefit of the grantee, especially without an express and separate assignment thereof from the lessor, (1 R. S. 747, §§ 23, 24, 35,) and the grantor after conveyance, could not remove the tenants for holding over, he then not having the reversion. The grantee, without such assignment, would take the land burthened with tenures which would deprive him of the possession, or the power of obtaining possession until the tenancy ceased. The arrangement with Stillger, or even with Linden, if it was competent to prove it in this case, was a mere personal privilege to the landlord to enable him to regain possession, upon the happening of an event, and I think he alone could exercise it. If he failed to exercise it, and conveyed the title without a special assignment of the agreement with his tenant, the latter would be released, and he could not be disturbed until the end of his term. The “sale” was made when the contract was signed, and it was then the duty of the vendor to give notice to his tenants that he terminated the tenancies, and thus put *121 himself in a condition to deliver possession of the lots, with the delivery of the deed.
In respect to the four lots occupied by Linden, I do not think the defendant was capable on the 20th of February, of giving to his grantee either the possession, or the right to the possession. Upon all the evidence, it seems to me, Linden could hold them until the 1st of August, as well against the defendant, as also against his grantee, notwithstanding the parol agreement that upon a sale of the premises he would surrender the possession.
The unpaid assessments were also an incumbrance upon the lots, and excused the plaintiff’s performance on the day; and the defendant can not claim that the time fixed by the contract for the delivery of the deed, was an essential part of such contract, if he on that day could not give a free title..
If I am correct in the views I have expressed, the time mentioned in the contract for the delivery of the deed, was not, as respects the rights of the plaintiff, an essential part of it; or if it was, performance by the plaintiff on that day, was excused, by the inability of the defendant to' convey a title free from all incumbrances.
The demand, therefore, on a subsequent day, was sufficient, and entitles the plaintiff to a performance of the contract.
The plaintiff must have judgment accordingly, with costs.