No. 1904.—MAYOR AND COUNCIL OF THE CITY OF JEFFERSON *v.* L. P. DELACHAISE.

In proceedings for the expropriation of private property for public use, all the formalities prescribed by law must be strictly observed.

APPEAL from Second Judicial District. *Duplantier*, J. *J. Hawkins*, City Attorney, for plaintiff and appellee. *C. E. Schmidt*, for defendant and appellant.

TALIAFERRO, J. This action has arisen from a proceeding taken by the city authorities of Jefferson City to expropriate certain property of the defendant for the purpose of opening and extending one of the streets of that city. The report of the commissioners appointed to assess the damages that would be caused to the defendant from the expropriation, being returned to court, its homologation was offered by the defendant. The report was confirmed by a judgment of the court, and the defendant appeals.

The defense is, that the proceedings were irregular, illegal, and not in conformity with the order of the court or the provisions of the statute regulating the manner of making expropriations.

It is provided by the tenth section of the act of the Legislature, incorporating the City of Jefferson, approved eighth of March, 1867, that whenever the Mayor and Council shall be desirous of opening, etc., of any street or public place, and it shall become necessary to expropriate or use any property belonging to individuals, public notice shall be given in the city journal for one month, and in one newspaper in the city of New Orleans; that a petition, to which shall be annexed at least three copies of the newspaper in which the notice was inserted, and a copy of the plat of the survey of the property to be expropriated shall be presented to the District Court, requesting the appointment of three commissioners, who shall be sworn, etc.; that after performing the work assigned to them, the commissioners shall return to the court their report on or before the day fixed for the return; that public notice for twenty days shall be given of the filing of this report, calling upon all persons interested to show cause why the same should not be homologated, etc. Under the provisions of this act it is shown that, on the twenty-eighth of August, 1867, an order was rendered appointing three persons as commissioners to make an assessment or valuation of the property necessary to be expropriated for the purpose of opening " Delachaise street from St. Charles avenue to Apollo street," and that they should make return of their report on or before the tenth of September, 1867, and that twenty days' notice should be given thereof. The report was made on the tenth of September. It recites that " the valuation of fifty feet between parallel lines running from St. Charles avenue to Apollo street was found to be $3000. That the benefit accruing to the owner of that property would be $1400, and the difference would be $1600."

Here then, by this report, the owner was to have $1600 for the ground to be taken from him. On the nineteenth of September, nine days

Mayor and Council of the City of Jefferson v. L. P. Delachaise.

after making this report, an application was filed, asking further time for the commissioners to report, and, without obtaining that delay or extension of time, the commissioners, on the seventeenth of October following, presented another report, which was made the basis of the judgment. By this report the benefit accruing to the defendant from the expropriation of his property was put down at $1555, for which judgment was rendered against him, with eight per cent. interest from the twenty-ninth of April, 1868.

The rule of society, that the property of an individual may be taken from him when the wants and convenience of the community around him require that it should be dedicated to public uses, is founded upon principles recognized to be just and arising from the nature and fitness of things. The sacrifice of the individual's rights in such cases can not be made without ample compensation to him for the deprivation he is to undergo.

This deprivation can not, in every case, be measured by commissioners appointed to inquire, and consequently they are unable always to estimate it in dollars and cents. The principle of expropriation, although just, is not without a savor of harshness, and hence the guards thrown around the rights of the individual, to protect him fully, as far as practicable, from loss and inconvenience. These consist of a systematic order of proceeding, due notice and deliberation in every step, and a series of formalities throughout.

We do not think the requirements of the law in this case have been complied with. A second report of the commissioners, varying essentially from their first one, and made, as it seems, without judicial authority, and more than a month after they presented their first report, is, in our view of the case, not a proper basis to found a judgment upon. Courts have always, and properly, required in matters of expropriation a strict observance of all the required formalities. The case of City of New Orleans, praying for the opening of Dryades street, 11 An. 458, is very similar to the one before us.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that this case be remanded to the court of the first instance, in order to be proceeded with according to law.

Chief Justice Ludeling and Justice Wyly absent.