Gay, Tutor, vs. N. O. Pacific Railway Company.

No. 7820.

ANDREW H. GAY, TUTOR, VS. N. O. PACIFIC RAILWAY CO.

Where a corporation illegally entered upon land and constructed works thereon without previous expropriation, the owner on the perpetuation of an injunction prohibiting the entry before expropriation, is entitled to a money judgment for the value of the property illegally taken.

APPEAL from the Fifth Judicial District Court, parish of Iberville. McVea, J.

Barrow & Pope for plaintiff and appellant :

The railway company having taken possession of plaintiff's land without any legal steps to first expropriate him, and against his express prohibition, are and must be viewed in the light of common trespassers. The injunction against the tortious acts of defendant being sustained, plaintiff is entitled, not only to the value of the property to be taken away from him, but also to exemplary damages.

Kennard, Howe & Prentiss, Samuel Mathews, A. & E. B. Talbot for defendant and appellee.

There having been no intention of wrong on the part of defendant, and the judgment of the court below allowing plaintiff full compensation for his property, the claim for exemplary damages should clearly be rejected. Reporter, vol. 9, No. 8, p. 241, Minnesota.

The opinion of the court was delivered by

WHITE, J. The plaintiff alleging that the defendant corporation had, without consent or expropriation, entered upon his land and were erecting works thereon, which had damaged his crop to the extent of $550, prayed judgment for the amount of damage and an injunction, which issued, and was dissolved on bond. Subsequently, and before the case was put at issue, the defendant instituted proceedings for expropriation, which culminated in a judgment of expropriation decreeing the company to be the owner of the land claimed by them on their paying the price fixed by the jury of freeholders, and damages to the extent of four hundred and forty-nine dollars, assessed by the jury as resulting from the works of the company which had been done before the finality of the proceedings for expropriation. This suit was then tried, and the court a qua reinstated the injunction and made it perpetual until the company should pay and satisfy the judgment of expropriation; but as the damages resulting from the works were assessed in the decree of expropriation, the claim for their allowance

was dismissed. The plaintiff thereupon appealed, and complains of the dismissal of his claim for damages. We think the judgment below in this regard was clearly erroneous. The effect of the judgment of expropriation was to make the corporation the owners of the land claimed upon their paying the amount fixed, but the making of the payment from which the result was to flow was purely facultative, thus leaving it entirely optional with the corporation to compensate the plaintiff for the damage by it inflicted in consequence of its having illegally constructed its works before the conclusion of the proceedings for expropriation. The claim in the brief of counsel that vindictive damages should be allowed need not be discussed, as they were not prayed for.

It is therefore ordered that in so far as it reinstated the injunction and made it perpetual, the judgment below be affirmed ; and in so far as it dismissed the claim of the plaintiff for damages, it be reversed ; and, proceeding to render such judgment as should have been pronounced below, it is ordered that the plaintiff recover of the defendant the sum of four hundred and forty-nine dollars, with legal interest from judicial demand ; the payment of said amount to be a *pro tanto* satisfaction of the judgment rendered in the suit of the New-Orleans Pacific Railway Company vs. Andrew H. Gay, tutor, No. 1745 of the docket of the district court of the Fifth Judicial District, parish of Iberville. The costs of both courts to be borne by the defendant.