(94 South. 420)

No. 23921.

**NURDIN v. BOUANCHAUD, Sheriff, et al.**

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Mortgages ⬅️144—Tax sale to mortgagor's wife, who purchased with mortgagor's money to defraud mortgagee, held to convey nothing.

Where, pending foreclosure suit, afterwards compromised by giving a new mortgage, the mortgagor's wife purchased the property at tax sale with the mortgagor's money, pursuant to a fraudulent scheme to defraud the mortgagee, the sale amounted to nothing more than a payment of the taxes by the mortgagor and con-

veyed nothing to the wife and gave the mortgagee the right to ignore the sale in foreclosing the new mortgage.

2. Appeal and error ⬅️749, 878(6)—Defendant not appealing or answering plaintiff's appeal cannot have amendment of judgment.

Where defendant did not appeal from a judgment dissolving an injunction but denying damages for its wrongful issuance and filed no answer to plaintiff's appeal, it cannot have the judgment amended to allow damages under Code Prac. arts. 592, 888.

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; William C. Carruth, Judge.

Suit by Mrs. Stanislas Nurdin against L. Bouanchaud, Sheriff, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Claiborne & Claiborne, for appellant.
Cross & Moyse, of Baton Rouge, for appellee Mercantile Bank.

By the WHOLE COURT.

OVERTON, J. Stanislas Nurdin was the owner of a tract of land located in the parish of Pointe Coupee. He lived upon it with his wife and children, and farmed it. He was indebted to William McCauseland, in the sum of $757.90, and in July, 1909, executed a mortgage to secure this indebtedness, together with the interest that it was agreed it should bear, and the attorney's fees stipulated in the event the indebtedness should be placed in the hands of an attorney for collection. The amount due was evidenced by a promissory note executed by Nurdin.

In due course, the Capital City Bank, of Baton Rouge, became the holder and owner of the note and mortgage. Nurdin paid the interest on the note up to January 1, 1911, but paid nothing thereafter. In 1915, the Capital City Bank brought suit against Nurdin to foreclose the mortgage by ordinary process. Nurdin answered. However, the case was not tried, but was continued from

one term to another, until it was finally compromised by the execution, in January, 1917, of a new mortgage.

While the above suit was pending, the property mortgaged was offered at tax sale for delinquent taxes due by Nurdin, and was adjudicated by the sheriff and tax collector to Nurdin's wife. Thereafter Nurdin approached the Capital City Bank for a compromise of the suit, and it was agreed to compromise it by the giving of a new mortgage on the same property, by Nurdin, for the old; the new mortgage to include certain other indebtedness due the bank, which made the total indebtedness, including accrued interest, amount to $1,883.66. The bank was advised that, since the granting of a first mortgage, several judgments had been rendered against Nurdin, the recordation of which operated as judicial mortgages on the property, but that Nurdin would cause them to be canceled, and a certificate would be furnished showing that the property was free of mortgages, with the exception of the one held by the bank. This certificate was later furnished. Nothing, however, was said about the tax sale, nor was the bank ever advised by Nurdin that he was unable to pay his taxes, and that as a consequence the property mortgaged was about to be sold to satisfy the same. Prior to the execution of the second mortgage, the Mercantile Bank, of Baton Rouge, purchased all of the assets of the Capital City Bank, including this indebtedness, and as a consequence the second mortgage, on the basis of the adjustment made by the Capital City Bank, was executed in favor of the Mercantile Bank.

When the second mortgage matured, Nurdin failed to pay it, and, as a result, the Mercantile Bank instituted executory proceedings, in which Nurdin was made defendant, to foreclose it. The sheriff seized the mortgaged property, under the writ of seizure and sale that issued, and Mrs. Nurdin, in the present suit, enjoined the sheriff and the Mercantile Bank from selling the property on the ground that she is its owner and that it is not subject to seizure and sale for the debts of her husband. She bases her claim of ownership on the tax sale mentioned, and claims that she is separated in property from her husband, and that she made the purchase with her own funds.

The bank answered by admitting that Mrs. Nurdin is separated in property from her husband, but alleges, among other defenses, that the tax sale is a fraudulent scheme concocted by Nurdin to defraud the bank of its rights; that the purchase price was not paid by Mrs. Nurdin, but by her husband with funds belonging to him.

[1] We have no hesitancy in saying that the evidence abundantly shows that Mrs. Nurdin did not pay the purchase price with her funds, but with those of her husband; and that the purchase at tax sale was nothing more than a fraudulent scheme in which Nurdin concealed himself behind the machinery of the law, and made his wife his tool, in an effort to defraud the bank. The sale amounted to nothing more than a payment of the taxes by Nurdin, and conveyed nothing to his wife, assuming that she could purchase her husband's property at tax sale. Under the circumstances, the bank has a right to ignore the sale, and to proceed with the foreclosure. See Austin v. Citizens' Bank, 30 La. Ann. 689, which in many respects is similar to the present case.

[2] The bank prayed for judgment for damages against Mrs. Nurdin, in the lower court, for the wrongful issuance of the injunction. The judge a quo dissolved the writ, but allowed no damages. The bank, in its brief, in this court, asks for damages, but it has not appealed, nor has it filed an answer to Mrs. Nurdin's appeal, asking that the judgment be amended in this respect. Without such a prayer, it is well settled that

the appellee cannot procure an amendment of the judgment. C. P. arts. 592, 888; State v. Becker, 30 La. Ann. 682.

For the reasons assigned, it is ordered that the judgment appealed from be affirmed; appellant to pay the costs.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.