(101 South. 8)

No. 26399.

BICKHAM et al. v. CITY OF SHREVEPORT.

In re BICKHAM et al.

(Jan. 28, 1924. Rehearing Denied by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain** ⊚⟞167(3)—**Expropriation; need for water supply does not warrant taking or destruction of private property without legal methods.**

City's need for a new water supply does not authorize it to take or destroy private property without resort to legal means by construction of dam resulting in flooding of same.

2. **Eminent domain** ⊚⟞167(3)—**Expropriation; possible loss through delay consequent on following legal methods held not to warrant taking by illegal methods.**

Fact that a city may lose, by delay, its rights to a lake basin sought to be used as a reservoir, does not warrant its taking and destruction of private property without legal methods.

3. **Eminent domain** ⊚⟞274(5)—**Expropriation; dispossession of private owners of land by flood held irreparable injury warranting injunction.**

A city's taking of possession of private lands by flooding same and forcing owners into the position of claimants in a petitory action instead of leaving them in position of claimants in possession is an irreparable injury warranting injunction against same.

4. **Eminent domain** ⊚⟞274(1)—**Expropriation; loss of land by flooding irreparable, though measurable in money.**

The fact that loss of property occasioned by flooding same by city is measurable in money does not render the injury not irreparable, so as to warrant denial of injunction.

5. **Eminent domain** ⊚⟞75—**Expropriation; that property may be expropriated by state does not legalize taking without legal methods.**

The fact that a city may expropriate property, and that in that event owner can recover only its value, does not legalize a taking of same against the will of the owner without legal methods; Const. 1921, art. 1, § 2, requiring that property expropriated by state must be paid for in advance of the taking.

Petition by J. A. Bickham and others for writs of certiorari and mandamus to be directed to Hon. E. P. Mills, Judge of First District Court, Parish of Caddo, requiring him to grant an appeal from the judgment dissolving a temporary injunction in the cause of J. A. Bickham and Others v. City of Shreveport. Preliminary writ made preemptory and District Court Judge directed to grant appeal.

W. B. Massey, of Shreveport, for relators.

B. F. Roberts, City Atty., and Thigpen, Herold, Lee & Cousin, all of Shreveport, for respondent.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. By Act 31 of 1910, p. 50, the state of Louisiana granted to the city of Shreveport the ancient bed of Cross Lake, in Caddo parish, as a reservoir and storing basin for a water supply for said city, on condition that it should be so used within 10 years or revert to the state. And by Act 149 of 1920, p. 228, the delay was extended to July 1, 1926.

In the summer of 1923 the city decided to avail itself of said grant; and in November of said year it authorized a large bond issue for that purpose. It is admitted that the city is about to erect a dam across said hollow, and that the erection thereof will flood said hollow and cover with water the land therein.

### I.

Plaintiffs (relators here) alleged that they and their authors had been in possession of part of said hollow for more than a year as owners (under alleged patents from the United States); that the flooding of said hollow, and consequent flooding of the lands claimed and possessed by them, would cause them irreparable injury. Wherefore they prayed that said city be enjoined from erecting said dam and flooding said property.

An injunction thereupon issued, but was afterwards dissolved on rule taken by defendant "in so far as it restrains the city of Shreveport from erecting a dam on or across Cross Lake, *provided no part of said dam is physically located on the lands described in plaintiffs' petition and of which they allege and swear to corporeal possession for more than one year*." (Italics ours.)

As it is nowhere pretended that the dam is to be located on the lands claimed by plaintiffs, and plaintiffs' complaint is not of *that*, but of the flooding, and consequent destruction, of their property by the very fact itself of erecting the dam, it follows that the trial judge simply *dissolved the injunction*.

### II.

To flood a man's lands with the waters of a permanent reservoir or water basin is simply to *destroy* those lands, or to *take* them from him; and one may make his own choice of terms, since it is immaterial in this case what name we give it. Suffice it to say that, by whatever name we call it, he is thereby permanently deprived of his said lands.

### III.

On the face of things, therefore, the injunction was taken out to prevent an irreparable injury; and by the same token the dissolution of such injunction would therefore cause plaintiffs irreparable injury.

Plaintiffs accordingly prayed for an appeal from the judgment dissolving the injunction; but the appeal was refused by the trial judge, and plaintiffs now apply to this court for a mandamus to compel the granting thereof. C. P. art. 566.

### IV.

The return of the district judge assigns several reasons why the appeal herein should not be granted; but none of these appear to us sound.

[1] 1. That the city of Shreveport is in

urgent need of a new and more wholesome water supply, which it can obtain from no other source than the Cross Lake basin. The answer is that the city must provide for its needs by legal methods, and not by taking or destroying property vi et armis as it were.

[2] 2. That if said Cross Lake basin be not in use as a reservoir by July 1, 1926, the city may lose its rights thereto. The answer is that the city has already delayed 13 years during which it might have been active; and in any event it must proceed legally, and apply to the Legislature, if need be, for further relief.

[3-5] 3. That, as the city would in any event have the right to *expropriate* plaintiffs' property for a reservoir, therefore, "if the city of Shreveport should *abandon its claim of ownership* and expropriate the plaintiffs' rights, all that plaintiffs could recover would be a sum of money," and hence the damage to plaintiffs cannot be *irreparable* because measurable in money.

To this the answer is. threefold:

(a) Evidently the city means to claim *title* to the lands now in possession of plaintiffs, and, by first taking possession of said lands, to force plaintiffs into the position of claimants in a *petitory* action instead of leaving them as they are now; that is to say, in the infinitely more favorable position of claimants *in possession.* To force upon plaintiffs such a change in the character of their rights would clearly work an irreparable injury.

(b) If the mere fact that destruction of property is *measurable in money* (which it almost always is) sufficed to take away its character of irreparable injury, then it would follow always that no one could be enjoined from destroying or damaging or taking the property of another, or, having been enjoined, from bonding such injunction.

(c) The fact that the city. has the right to *expropriate* the property, or that property which might have been expropriated cannot be recovered if once taken (the owner being then restricted to a claim for its value), does *not legalize* such a *taking* thereof against the will of the owner. Under the Constitution of this state property expropriated must be paid for *in advance* of the taking. Const. 1921, art. 1, § 2; Const. 1898, art. 167. The taking of property for levee purposes is the only exception to this rule. Const. 1921, art. 16, § 6, p. 115.

### Decree.

The preliminary writ herein issued is therefore made peremptory; and accordingly the district judge is directed to grant relators an appeal herein as prayed for.

### On Rehearing.

### By the WHOLE COURT.

PER CURIAM. The issue in this matter being disposed of by the refusal of a rehearing to-day in State and City v. Bozeman et al., ante, p. 635, 101 South. 4, the rehearing in this case is therefore refused.