For the reasons assigned, the judgment appealed from is affirmed.

(135 So. 914)

## DE BOUCHEL v. LOUISIANA HIGHWAY COMMISSION et al.

### In re MARQUEZ.

No. 31311.

June 11, 1931.

Brian & Brian, of New Orleans, for relatrix.

L. H. Perez, Dist. Atty., of New Orleans, for respondent.

LAND, J.

The Louisiana highway commission entered into a contract with Koss Construction Company and George C. Koss for the construction of a highway through relator's property.

The commission entered upon the property for that purpose, without an agreement with relator either upon the necessity of appropriating a right of way through the property or upon the price to be paid relator for same or the damages incident to the construction of the road in question.

Relator applied to respondent judge for a temporary restraining order, prior to the entry of the commission upon relator's premises; but respondent judge, on June 9, 1931, ordered the commission to show cause on June 22, 1931, why a temporary injunction should not issue, restraining the commission and its agents and employees from entering or trespassing upon relator's property.

On June 9, 1931, the commission, then in the possession of the property to be expropriated, filed an expropriation suit in the district court of St. Bernard parish against relator, and respondent judge fixed the order for the trial of the case on June 22, 1931.

In his answer to the rule nisi issued herein, it is contended by respondent judge that the commission had the legal right to enter upon relator's property and to take possession of so much thereof as it might deem necessary for road construction, prior to the termination of the expropriation proceedings and to the payment of the money for the said property.

It is so provided in Act No. 9 of the Extra Session of 1930, § 27, which provides that the commission may acquire a right of way, etc., where it is necessary by expropriation, under the general laws of the state relative to the expropriation of private property for public purposes, in the event that the owner of the property and the commission should not agree upon the price thereof.

Relator, however, attacks that part of Act No. 9, Extra Session of 1930, as unconstitutional, null, and void, that authorizes the commission to take possession of the property to be expropriated prior to the termination of the expropriation proceedings and to the payment of the money for the property.

In our opinion, the clause in the act attacked by relator is clearly unconstitutional, null, and void, as it is in violation of section 2 of article 1 of the Constitution of 1921, which declares that "private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid."

It is therefore ordered that a mandamus issue to the Hon. Claude Meraux, judge of the Twenty-Fifth district court, parish of St. Bernard, directing him to issue an injunction forbidding the Louisiana highway commission and its contractor, the Koss Construction Company and George C. Koss, from proceeding further with the construction of the highway or road through relator's property, until the right of way of said highway is duly expropriated according to law and the price and damages of the expropriation be duly paid to relator, or deposited in the hands of the

sheriff subject to relator's order; and that respondent do fix a reasonable bond for said injunction.