FRUGÉ, Judge.
The plaintiff instituted suit in an attempt to gain a right of passage through the defendants’ land pursuant to LSA-C.C. Art. 699. Under that particular provision of the law, a landowner whose estate is enclosed and who has no access to a public road, railroad, tramroad, or waterway, may claim the right of passage on the estate of his neighbor to the nearest public road, railroad, tramroad, etc. On the estate of the defendants lies the Pine Island Road, an unobstructed public road.
The defendants filed exceptions of no right or cause of action asserting therein that the Warren Canal provided an adequate exit as per LSA-C.C. Art. 699.[1] This exception was overruled.
After the trial on the merits, judgment was entered for plaintiff. The court stated therein that the Warren Canal, although navigable, was not the type of exit or access contemplated by the legislature. On defendants’ motion for a new trial, the court recalled its previous judgment and rendered another stating that the Motty Road was public as contemplated by LSA-R.S. 48:491, and that since this Motty Road was nearer the plaintiff’s property than the Pine Island Road, the plaintiff was not entitled to a right of passage over defendants’ land.
The plaintiff has objected to this decision, stating that the owners of the land upon which the Motty Road rests were not made parties to this suit, and that it was improper, therefore, for the court to declare the Motty Road public in that this results in the divesting of ownership without allowing the owners an opportunity to defend their rights. We believe this contention has merit.
Declaring this road public is, in essence, a divesting of ownership, if only partial, in the property. The record reflects that there was substantial evidence indicating that the police jury of Vermilion Parish did provide certain maintenance to this road which would perhaps justify its being adjudged public. However, we think it against all legal precedent to allow an individual’s property to be declared public with the resulting loss of ownership unless that individual has had the opportunity to be heard.
To allow this would mean that any landowner without knowledge, consent, or an opportunity to be heard, would be in danger of having his land incumbered by a real right of servitude. The plaintiff attempted to support this point by citing the *701 case of Charles Tolmas, Inc. v. Police Jury of Parish of Jefferson, 231 La. 1, 90 So.2d 65 (1956), which stated that the landowners should receive notice of police jury action in expropriation. The trial court distinguished that case from the present stating that Tolmas, supra, was concerned with LSA-R.S. 48:492 and that this suit pertains to LSA-R.S. 48:491.
We find no relevance to this distinction. Declaring a road public under LSA-R.S. 48:491 is to grant a servitude in favor of the public. This servitude is a real right which incumbers the property and changes the ownership from perfect to imperfect. LSA-C.C. Arts. 490-492. To grant a servitude on an individual’s estate is to deny him an unlimited right to use and enjoy his property. This use and enjoyment is an element of ownership which cannot be taken without that owner’s knowledge and subsequent right to defend.
We find, therefore, that the trial court improperly adjudged the Motty Road a public road. Further, we find that the plaintiff has proved that he is entitled to a right of passage over defendants’ land in order to gain access to the Pine Island Road as authorized by LSA-C.C. Art. 699.
For the foregoing reasons, it is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Vermilion Parish School Board, and against defendants, Alphe A. Broussard, Myrtis Odile Broussard, Martha K. Broussard, and Flying “J” Ranch Land, Inc., granting unto plaintiff a servitude or right of passage one hundred (100) feet in width along the west side of the tract of land described below:
A certain tract or parcel of land lying and being situated in the South Half of Section 9, Township 14 South, Range 1 East, Vermilion Parish, State of Louisiana, and bounded on the North by a gravel road called the Pine Island Road, on the East by Alphe A. Broussard et al, or assigns, on the South by Vermilion Parish School Board, and on the West by J. Sulie Broussard, et al.
It is further ordered, adjudged and decreed that plaintiff pay unto defendants the sum of one thousand five hundred and no/100 ($1,500.00) dollars as fair market value of the land taken.[2]
All costs are to be borne by the defendants-appellees in both courts.
Reversed.

. This suit was filed before the amendment of LSA-C.C. 699 by Act 1970, No. 672, § 1, which deleted “water course” from the provision.

. As prayed for by the appellant, we have adopted the trial court’s original judgment.