No. 9758.

### In the Matter of William Ross.

1. The Supreme Court has no original jurisdiction in *habeas corpus* cases, which do not come within the provisions of article 89 of the Constitution.
2. Under an application for a *certiorari*, a question of law involving the validity of the proceedings attacked, may be determined by the Supreme Court.
3. Proceedings under sec. 1768 R. S., relative to the confinement of lunatics and insane persons in the State insane asylum, are not violative of the constitutional provision, (art. 6) which requires "*due process of law,*" previous to deprivation of life, liberty or property.
4. A judgment of interdiction is not a condition precedent essentially required for proceedings under sec. 1768 R. S.

APPLICATION for Habeas Corpus.

*O'Sullivan & Blake* for the Relator.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a *habeas corpus* and for a *certiorari.*

The complaint of the petitioner is, that he has been proceeded against, under sec. 1768, R. S., and that the district judge has illegally ordered him to be confined in the State Insane Asylum.

He charges that he has been deprived of his liberty without due process of law and that a judgment of interdiction is a condition precedent *sine qua non,* for such incarceration.

It is settled that this Court has no jurisdiction over the application as far as it prays for a *habeas corpus.*   Art. Const. 89; 32 Ann. 1225, since affirmed.

It appears from the petition that the proceedings were conducted in strict accord with the requirements of sec. 1768, R. S.

Whether the *evidence* on which the district judge acted, was or not sufficient to justify the issuing of the warrant, is a question with which this Court has no concern.   The application for a *certiorari* contemplates solely the determination of the question whether the proceedings in point of form and not of substance have been carried on according to legal requirements.

As the provisions of the Statute averred to have been observed, the application cannot be made to rest on the ground of non-compliance with the same.

But it is contended that the judge had no right to hear and determine *at chambers* and that the trial and decision of the matters submitted were without "*due process of law.*"

The Statute distinctly provides, that the person, represented as a lunatic, shall be brought before the judge *at chambers* and that if, after inquiry, the judge finds that such person ought to be sent to the insane asylum, he shall make out his warrant addressed to the sheriff, direct-ing him to convey such person to said *asylum.*

The law giver has thus wisely provided for the protection of both such person and society; for cases may and do arise in which a most summary disposition should be made of those unfortunate persons, whose mental derangement may be such as to prove a just cause of alarm to individuals and to the public at large.

By the words "*due process of law,*" found in the organic law is meant: that every citizen shall hold his life, liberty, property and immunities, under the protection of the general rules which govern society. Dart-mouth College case, 4 Wheat. 519.

By the law of the land is intended a general law ; a law which hears before it condemns, which proceeds upon inquiry and renders judg-ment only after trial. Ib.

The right to due process of law, does not imply that, in every case, the parties interested, shall have a *hearing in court.* Cooley on Const. Lim, 355, note and authorities there cited ; also 12 N. Y. 209 ; 6 Cold. 233 ; 2 Tex. 251 ; 4 Wheat. 235 ; 32 Ann. 1256 ; also Cooley, Const. Lim. p. 441, (351) notes.

Provision having been fully made for the hearing and determining of the matter under sec. 1768, R. S., and the hearing and determining having taken place in every respect in point of form, as required by the Statute, the petitioner cannot be listened to complain that he has been deprived of his liberty *without due process of law.*

The averment in the petition that the action of the district judge is not reviewable by appeal, is not at issue and besides, is not presented in the form in which the question might have been considered.

Although we have no jurisdiction to pass upon the sufficiency of the *proof* on which the district judge acted, still, as the question submitted is one of law affecting the regularity of the proceedings, we think we are authorized to consider and determine, whether a judgment of in-terdiction is or not required as a condition precedent *sine qua non* for the exercise of the powers delegated to the district judge under sec. 1768, R. S.

The Statute does not and could not require it. If such judgment existed, it would not, of itself, authorize the commitment of the party, in the State Insane Asylum.

The interdiction laws apply to persons mentally debilitated, whether

from senility, idiocy or other cause of unsoundness of mind—who own property, which they are unable to administer and have no necessary reference to persons in necessitous circumstances, while sec. 1768, R. S. relates to impecunious "lunatics and insane persons."

The proceedings under that section are quite different from those prescribed by the Code for the interdiction of persons. They are carried on in the name of the State for the protection of society summarily and *ex parte*. The commitment and keeping of the person sent to the State Asylum there to remain are at public expense.

In the case of an interdiction, the curator may, with the authority of the judge, have the interdicted attended either in his own home or placed in a bettering house and confined for safe custody. R. C. C. 417; but could not place him, as a matter of right and free of charge, in the State Insane Asylum.

As a judgment of interdiction does not then necessarily prove lunacy, it is not therefore a condition precedent, *sine qua non*, a foundation for proceedings and the issuing of a warrant under sec. 1768, R. S.

It is therefore ordered that the application be dismissed with costs.