RbGERS, J.
 

 Alleging themselves to be owners of property abutting East Main street, from Weeks street to the east side of Lewis avenue, in the city of New Iberia, plaintiffs brought this suit against the board of trustees of said city and the Southern Roads Company to annul ordinance No. 440 and the contract entered into thereunder, providing for the paving of said street. On a rule nisi prayed for in their petition, plaintiffs also sought to obtain an injunction to enjoin the execution of the paving contract.
 

 Both defendants filed exceptions of no cause of action and res adjudicata. In addition thereto, the defendant board of trustees filed a plea of estoppel. With reservation of these pleas, both defendants also -filed their answers.
 

 After a hearing on the rule nisi, on which it appears that the exceptions and all other issues involved were presented and considered, the court below rendered judgment, on the exceptions, maintaining the plea of estoppel, and, on the merits, in favor of defendants. Accordingly, the rule nisi was set aside, the writ of injunction was refused, and plaintiffs’ demand was rejected at their costs. Plaintiffs are prosecuting the present appeal from this judgment.
 

 The ordinance sought to be annulled in this suit was also under attack in the suit of Delahoussaye v. Board of Trustees, etc., No. 26875, of the docket of this court, recently decided. 103 So. 152.
 
 [1]
 
 With one exception, both suits were instituted by the same plaintiffs.
 

 After the rendition of the judgment of the court a qua refusing the injunction sought in the prior suit, and pending its review on appeal to this court, the defendant board of trustees proceeded with their paving plan under the ordinance. The bids received on August 27, 1924, were tabulated and notice thereof duly published in the official journal as required by law. Thereupon, various abutting property owners presented petitions to the said board, setting forth the character or type of pavement preferred by them, and requesting that the character or type of pavement thus designated be selected and used in said paving work. One of these petitions designated bitulithic pavement as the most suitable to be used on East Main street. This petition was signed by a majority of the abutting property owners. The other petition indicated a preference for the use of asphaltic concrete on said street. This petition was signed by all of the present plaintiffs.
 

 At its regular session held on October 24, 1924, the board of trustees took up the question of the pavement of various streets of the
 
 [1]
 
 city. All bids, petitions, and objections were considered, and, “the board of trustees coming to the conclusion that the pavement bid upon by the Southern Roads Company on East Main street, between Weeks street to Lewis avenue, has received the sanction and approval of more than 33% per cent, of the property owners abutting said street and of a larger number of property owners as to frontage along said street than that appearing on the other petition,” a resolution was adopted awarding the contract for said paving work to the Southern Roads Company. Subsequently, bids were invited and received for the disposal of the paving certificates, which, in due course, were sold to the highest bidder.
 

 A protest signed by 15 property owners, in-
 
 *569
 
 eluding the 4 plaintiffs, was then filed with the board of trustees, in which objections •were urged to the paving ordinance, to the award of the contract to the Southern Roads Company, and to the issuance of the paving certificates. The present suit followed shortly thereafter.
 

 The exception of res adjudicata was*founded on the judgment rendered in the prior case of Delahoussaye v. Board of Trustees, etc., referred to supra. The plea of estoppel was based upon the action of the plaintiffs in petitioning for asphaltic concrete in competition with the petition for bitulithic pavement, which it is alleged constituted a participation in the letting of the contract now under attack. We are not informed on what the exception of np cause of action was grounded. As we tbink the case is with the defendants on the merits, we do not deem it necessary to pass on these pleas.
 

 On the merits, the ease, as presented to this court, has been restricted to two main propositions, viz.: First, that prior to the' adoption of the ordinance, or the preparation of the plans and spicfications, there was no written agreement filed by Warren Bros. Company with the board of trustees of the city of New Iberia to sell the patent or proprietary rights on Warrenite bitulithic pavement to all persons on a fixed royalty on equal conditions as required by the charter of said city; and, secondly, that the bid of the Southern Roads Company was selected in preference to the bid of the Flanigan Construction Company for asphaltic concrete, and, inasmuch as there is no difference in the component parts between asphaltic and bitulithic cement, the said board of trustees awarded the contract to the highest bidder contrary to the intent of the law.
 

 The case was submitted on the pleadings, documentary evidence, and the affidavits of various persons.
 

 In support of the first proposition, plaintiffs filed the affidavits of Mr. R. F. Delahoussaye and Dr. E. M. Landry, to the effect that on February 12, 1925, affiants had called at the office of Mr. L. F. Villermin, secretary to the mayor and commissioner of public property, and demanded certified copies of any and all papers filed in said office for the paving of East Main, street, and especially of any waiver by Warren Bros'. Company of their patent or license rights in bitulithic cement; that said Villermin, after a thorough search of his office, informed affiants that the only documents on file were certain specifications received from Warren Bros. Company for Warrenite bitulithic pavement. (It developed later that these were the specifications covering the paving of St. Peter street, which had been completed several years prior thereto.) That he, said Villermin, had- received another document from the Warren Bros. Company, to which he attached no importance, and he had either destroyed it or threw it into the waste basket.
 

 Defendants presented the counter affidavits of Messrs. Villermin, R. M. Hyams, W. J. Kearney, and John Rochelle.
 

 In his affidavit, Mr. Villermin testified that before the adoption of the ordinance Warren Bros. Company had filed with the mayor and board of trustees the written agreement required by the charter of the city, to sell their patent or proprietary rights to any and all persons on equal terms and conditions; that the said agreement was in the possession of the mayor and trustees at the time required by the charter, and was the basis used in calling for bids for the particular xind of pavement covered by the patent of said Warren Bros.; that he was unable to locate the document at the time of making the- affidavits.
 

 Mr. R. M. Hyams, the representative, domiciled in the city of New Orleans, of Warren Bros. Company, deposed that some time in April, 1924 (which was about two months prior to the adoption of the ordinance), he personally mailed to Mr. L. F. Villermin the
 
 *571
 
 agreement authorizing the use of the patent rights of said company, as required by the charter of the city of New Iberia, and that the said agreement was still in force. Affiant attached to his affidavit, as part thereof, a copy taken from his office files, of the contract between Warren Bros, and the city of New Iberia, and any contractor, authorizing the use of the patent rights of said company in the manner required by the charter of the said city.
 

 Mr. W. J. Kearney, general manager of the Kearney Construction Company, of Memphis, Tenn;, testified that on August 27, 1924, he submitted a bid on Warrenite bitulithic for ihe paving of East Main street; that the city engineer failed to record his bid because it was too high; that before said bid was filed affiant saw on file with the city clerk the agreement of Warren Bros, to sell its patent rights and material to any contractor for a fixed sum.
 

 Mr. John Rochelle, the city engineer, sets forth the receipt and rejection before publication of the Kearney bid on Warrenite bitulithic pavement, together with the bids on gravel by other bidders, for the reason that said bids were higher than the municipal authorities desired to consider.
 

 In addition to the foregoing affidavits, the answer of the city of New Iberia, which is verified by the three city commissioners, contains the following averment, viz.:
 

 “That under section 4 of the amended charter of the city of New Iberia, as per Ordinance 109, which embraces in substance the provisions of Act 23 of the General Assembly of the state of Louisiana of 1914, and was amended by authority of Act 31 of 1915, the board of trustees of the city of Now Iberia was specifically authorized to invite and receive bids, and to contract for bitulithic pavement, and accordingly to award the bid as was done in view of the fact that the owners of the patented and proprietary rights of bitulithic pavement had seasonably filed with the board of trustees a written agreement to sell their patented and proprietary rights to any and all persons for a fixed royalty on equal terms and conditions satisfactory to the board of trustees, and, in this connection, your appearers aver that two bids were submitted for bitulithic pavement, one being submitted by the Southern Roads Company and the other by the Kearney Construction Company, and that the specifications furnished to all contractors or prospective bidders carried specifically the notice that there was on file an agreement to sell, as .hereinabove stated, the patented or proprietary rights with reference to bitulithic pavement.”
 

 It clearly appears, therefor, from the foregoing summary, that the evidence adduced on behalf of the plaintiffs is purely negative in character, while that submitted on behalf of the defendants is of a positive nature and affirmatively establishes the facts which it - was sought to prove thereby.
 

 On the second proposition, that the bid of the .Southern Roads Company for Warrenite bitulithic cement was higher than the bid of the Flanigan Construction Company for asphaltic concrete, counsel for plaintiff content themselves with the statement in their brief that it is a well-known fact that there is no difference in the component parts between bitulithic and asphaltic cement. There is no evidence in the record to show this. But conceding it to be a fact, the majority of the abutting property owners selected’ the Warrenite bitulithic pavement. When this was done, it became the duty of the city council, under the charter provisions, to approve their selection and to award the contract accordingly.
 

 In our opinion, the judgment appealed from is correct and it is, therefore, affirmed at appellants’ costs.
 

 [1]
 

 157 La. 782.