Nos. 12,337 and 12,352

First Circuit

———

POLICE JURY OF ST. MARTIN PARISH

v. KIDDER AND MRS. JOSEPHINE

KIDDER v. POLICE JURY OF

ST. MARTIN PARISH

(Consolidated Case)

———

(December 22, 1925, Opinion and Decree)
(January 28, 1926, Rehearing Refused)

———

(*Syllabus by the Editor.*)

1. Louisiana Digest—Expropriation—Par. 58.

Under Revised Statutes 3369 and 3370 governing the opening of public roads the law requires that the owner must have timely notice of the expropriation proceedings.

2. Louisiana Digest—Expropriation—Par. 3, 61.

The Constitution Article I, Sections 2 and 6 guarantees against any procedure, such as illegal expropriation proceedings; the effect of which would be to deprive the owner of his property; without opportunity to be heard in behalf of his rights.

3. Louisiana Digest—Expropriation—Par. 75; Appeal—Par. 44, 91.

It is not necessary for a property owner to appeal from a null and void judgment of expropriation to the proceedings of which he was not given notice.

4. Louisiana Digest—Injunction—Par. 18, 22.

Under Code of Practice Article 604 et seq., Article 298, Par. 6 and Revised Statutes Section 3370 a writ of injunction will issue to protect and maintain lawful possession of property, but will not issue to take it away arbitrarily and vest it in another.

Appeal from the Sixteenth Judicial District, Parish of St. Martin, Hon. James Simon, Judge.

Action by Police Jury of St. Martin Parish against Mrs. Adolph Kidder et al., and Mrs. Josephine Kidder, widow of Adolph Kidder, et al., against Police Jury of St. Martin Parish. There was judgment maintaining injunction of the Police Jury and dismissing the injunction of Mrs. Kidder, et al. Mrs. Kidder appealed.

Judgment reversed, injunction of Police Jury dismissed and injunction of Mrs. Kidder maintained to abide the merits of the cause. Case remanded for further proceedings as the law directs.

E. Vuillemot, of New Iberia, attorney for Police Jury.

Voorhies and Labbe, of Lafayette, attorneys for Mrs. Kidder.

ELLIOTT, J. The Police Jury of the Parish of St. Martin, alleges that pursuant to a resolution by them duly adopted, they appointed a jury of freeholders to lay out a public road in the Parish of St. Martin, from the town of Arnaudville to a place called Crapeauville in said parish. That the jury of freeholders qualified by taking oath, then traced and laid out the road, passing through a tract of land be-

longing to Mrs. Adolph Kidder and that they allowed her $175.00 as damages to her property on account of the road. That the report of the jury of freeholders had been duly approved and adopted and Mrs. Kidder tendered the sum of $175.00 but that she refused to accept it. That Mrs. Kidder interferes with and prevents the police jury, its agents and employees, from entering on her land for the purpose of opening and constructing the road. That a peremptory writ of injunction is necessary and should issue to her to protect the police jury in the matter.

A rule nisi was issued to Mrs. Kidder and in response, she appeared and alleged that as the widow in community of Adolph Kidder deceased, she was the owner and possessor of an undivided half of the tract of land, through which the road was wanted, and the usufructuary of the other half and answered only to the extent of her interest. That her children, the heirs of Adolph Kidder, were the owners of the other half. She urged that the petition of the police jury admitted her possession as owner and that an injunction should not be issued for the purpose of dispossessing her. That the petition of the police jury did not show that notice had been served on her, enabling her to be present and be heard before the jury of freeholders, or the police jury in behalf of her rights in the matter and that as a matter of fact, none had been given her. That the expropriation proceedings, without hearing, or opportunity to be heard, would be taking her property without due process of law. That the proceedings were therefore null and void. That if the Sections 3369 and 3370 of the Revised Statutes of Louisiana, under which the police jury claimed to be proceeding, does not require notice to the owner before taking, then they are unconstitutional. She prayed that the injunction be refused.

As her answer to the ·rule disclosed that she had co-owners, the police jury by supplemental petition made Cydalise Kidder, wife of Jeff Weed, Lucie Kidder, wife of Philias Thomas, Ella Kidder, wife of Antoine Frederick and Adolph, Leenie, Meance, Elby, Gerard and Selvina Marks, children of Alice Kidder, deceased, parties defendant and prayed that an injunction also issue to them.

They in turn appeared in response to a rule nisi and joined Mrs. Josephine Kidder in resisting the issuance of the injunction prayed for by the police jury; urging that the petition of the police jury disclosed no cause of action, that no notice had been given them, etc.; that the proceedings were null and void; that a writ of injunction should not issue for the purpose of dispossessing them, etc.

Before any action was taken on the rule issued in suit No. 12,337, Mrs. Josephine Kidder, widow of Adolph Kidder, and Cydalise, Lucie and Ella Kidder brought suit against the police jury, entitled Mrs. Josephine Kidder widow of Adolph Kidder et al., vs. Police Jury of St. Martin Parish, No. 12,352; attacking the proceedings of the police jury in suit No. 12,337 as being null and void, on the ground that the police jury had acted ex parte and without giving them any chance to appear before the jury of freeholders, or the police jury and urge their rights. They allege in their petition against the police jury that the jury of freeholders appointed to lay out the road, were not an impartial and disinterested jury and that the jury of freeholders was therefore illegally constituted, etc.; that the police jury could not, by means of an injunction, oust them from their possession as owners; that a writ of injunction was necessary and should issue to the police jury, staying the expropriation proceedings and prohibiting the police

jury, its agents and employees, from entering on their land for the purpose of opening and constructing a public road thereon. That if Sections 3369 and 3370 of the Revised Statutes permitted their property to be taken without a hearing and giving them a chance to protect their rights, then they are unconstitutional and prayed for judgment accordingly.

The police jury in response to a rule nisi issued to them, urged as exceptions to the petition of Mrs. Kidder and her co-owners that the period of time provided for by the law for appealing from the decision of the jury of freeholders had elapsed, without any appeal being taken; that their petition disclosed no cause nor right of action and urged the pendency of the suit No. 12,337, etc.

The minutes do not show how the district court ruled on the exceptions, but the exceptions were followed by an answer in which the police jury admitted that Mrs. Kidder and her co-owners had not been notified to appear before the jury of freeholders or the police jury with reference to the establishment of the road and alleged that none was necessary under the law. That the jury of freeholders did visit plaintiffs' property at the residence of Mrs. Kidder and that neither Mrs. Kidder or any of the other plaintiffs were present at the time. That they waited at her residence for fully an hour and nobody appearing, they proceeded to trace and lay out the road through their land and value the damage done thereby. That more than one term of the district court had been since held, without appeal therefrom, etc.

The district judge, acting on the two petitions, granted the injunction prayed for by the police jury; refused that prayed for by Mrs. Kidder and her co-owners, and granted Mrs. Kidder and her co-owners a suspensive appeal from each order. Mrs. Kidder and her co-owners have appealed. The two petitions growing out of the same facts are blended together and will be considered at the same time; our opinion to apply to each.

## OPINION

The Revised Statutes of Louisiana, Sections Nos. 3369 and 3370 are still in force and govern the opening of public roads; such as was attempted by the police jury in this instance. Maginnis vs. Police Jury of Terrebonne, 106 La. 293, 30 South. 846; Fuselier vs. Police Jury of Parish of Iberia, 109 La. 551, 33 South. 597; Delahoussaye vs. Board of Trustes of City of New Iberia, 158 La. 572, 104 South. 370. But these sections of the Revised Statutes contemplate notice to the owner and opportunity for him to appear before the jury of freeholders concerning the course of the road and the damage to be paid on account of the same, before the right of way can be taken for the road. And as the police jury has power under the law to revise, correct or change the recommendations of the jury of freeholders, as to the course of the road also as to the amount of damages which should be allowed on said account, the owner must have notice and opportunity to also appear before them at the time the report of the jury of freeholders is being considered and before acting thereon.

If notice was not contemplated, then the owner's wishes in regard to the course of the road and his rights in regard to the damage done thereby would not be provided for, and no appeal would be granted from the decision of the jury of freeholders and the police jury to the courts, because if the law contemplated the laying out and

establishment of the road and the compensation if any, to be arbitrarily fixed, there would be no use for an appeal to the courts.

That the law on the subject intends that the owner must have timely notice is further shown by the provision authorizing an injunction and stay of proceedings.

The Constitution, Art. I, Sections 2 and 6 guarantees against any proceedure; the effect of which, would be to deprive the owner of his property without opportunity to be heard in behalf of his rights. In re Ross, 38 La. Ann. 523; Hurry vs. Hurry, 144 La. 883. The admission of the police jury that no notice issued to Mrs. Kidder and her co-owners, enabling them to appear before the jury of freeholders, while the course of the road and the amount of damage to be paid on account of same was being considered, and that none was given them enabling them to appear before the police jury and be heard at the time the police jury was considering the recommendation of the jury of freeholders in regard to the road, strikes their expropriation proceedings with absolute nullity. • As the expropriation procedings were null and void, it was not necessary for Mrs. Kidder and her co-owners to appeal; they had the right at any time that effort was made to open the road to resort to an injunction and action of nullity as they have done in suit No. 12,337. Code of Practice, Art. 604 et seq., and Art. 298, No. 6 and Revised Statutes Section 3370.

It is well established that a writ of injunction will issue in such a case to protect and maintain lawful possession and will not issue to take it away arbitrarily and vest it in another. Knox vs. Police Jury of East Baton Rouge, 27 La. Ann. 204; State of Louisiana ex rel. Singer vs. Judge

19th Judicial District Court, 33 La. Ann. 133; Torres vs. Falgoust, 33 La. Ann. 560; New Orleans & N. E. R. Company vs. Mississippi T. A. B. & L. R. Company, 36 La. Ann. 561; Puckett vs Hicks, 39 La. Ann. 901, 2 South. 801; State vs. Judge of Civil District Court of New Orleans, 41 La. Ann. 951, 6 South. 721; State vs. Sommerville, 104 La. 74, 28 South. 977; Vicksburg, S. & P. Ry. Co. vs. Webster Sand, Gravel & Const. Company, 132 La. 1051, 62 South. 140; Pure Oil Operating Company vs. Gulf Refining Company, 143 La. 284, 78 South. 560.

The district judge therefore erred in authorizing the injunction to Mrs. Kidder and her co-owners and in refusing to authorize the one prayed for to the police jury.

For these reasons the order authorizing the injunction in suit No. 12,337 entitled Police Jury of St. Martin Parish vs. Mrs. Adolph Kidder et al., will be reversed and set aside, the order annulled and the suit dismissed at the cost of the police jury.

In the suit No. 12,352 entitled Mrs. Josephine Kidder widow of Adolph Kidder, et al., vs. Police Jury of St. Martin Parish, the order refusing the injunction is reversed and set aside and it is ordered that the injunction prayed for be issued to abide the merits of the cause. That this case be remanded to the lower court for further proceedings in conformity with these views and as the law directs; that the cost of the appeal be paid by the police jury.

ELLIOTT, J.    In this case, for the reasons filed in suit No. 12,352 entitled Josephine Kidder, widow of Adolph Kidder,

et al., vs. Police Jury of the Parish of St. Martin this day decided; it is ordered, adjudged and decreed that the order appealed from in this case, authorizing the issuance of an injunction to Mrs. Josephine Kidder, Lucie Kidder, Ella Kidder, Adolph, Leonie, Meance, Elvy, Gerard Marks, be and the same is hereby annulled, avoided and reversed, and the suit dismissed.

The plaintiff and appellee to pay the cost in both courts.