PRICE, Judge.
Plaintiff perfected this devolutive appeal from the refusal of the trial court to issue a preliminary injunction to restrain the Caddo Parish Police Jury from appropriating a right-of-way across his land in Caddo Parish for the construction and maintenance of a public road.
The issues for consideration on this appeal are limited to the sufficiency of the evidence to estabish a public necessity for the road and whether the plaintiff was denied his constitutional right of due process of law because of lack of notice to him in the appropriations proceedings conducted under the provisions of La.R.S. 48:492 et seq.
Kenneth S. Marshall, plaintiff in this action, owns a tract of land abutting the Old Shreveport Dixie Road in northern Caddo Parish (La. Highway No. 3049). A hardsurfaced parish road known as “The George Road”, leads off this highway in an easterly direction approximately one and a half miles south of plaintiffs property. The George Road provides access to several large farms situated in a bend of Red River. The road at one time had extended in a half circle design to connect back into the Old Shreveport Dixie Road, after crossing approximately a half mile of plaintiffs property at its northerly terminus. This connecting link across plaintiffs land was opened and used under an agreement with an adjoining landowner, J. C. Pittman, whose farm is situated at the northerly end of the dedicated portion of the George Road. The agreement between Pittman and Marshall expired in December, 1969, and immediately after its expiration this section of the George Road completing the loop into Louisiana 3047 was closed at the boundary between the Pittman and Marshall property.
At the request of several landowners and others in the area served by the George Road to reopen the closed' portion of the road, the Police Jury proceeded by resolution adopted on August 12, 1970, to appoint a jury of freeholders, in accordance with La.R.S. 48:492, et seq., to lay out the proposed right-of-way for a road across the Marshall property and to fix the just compensation for the necessary right-of-way.
The jury of freeholders met on August 25, 1970, for an organizational meeting to elect officers. No notice of this meeting was given plaintiff.
The minutes of this meeting reflect the jury of freeholders agreed on the specifications for the road and discussed the value of the Marshall land. The jury of freeholders notified plaintiff that they would meet on August 28, 1970, at the intersection of State Route 3049 and the George Road to lay out the route across the Marshall land and to do all things necessary to determine the value for the right-of-way and assess any severance damages to the remaining land. This notice was received by plaintiff some eighteen hours prior to the time of this meeting.
The jury of freeholders met at the time and place indicated in the notice and upon arriving at plaintiff’s property were met by *916 him and his attorney. They were advised that plaintiff considered the proceeding illegal and that their presence on his property would not be welcomed. The meeting was then held across the road from plaintiff’s property.
The jury of freeholders proceeded to adopt a resolution recommending the new road should follow the course of the recently closed existing road.
Plaintiff received notice from the Police Jury on September 3, 1970, that the report of the freeholder’s jury would be submitted to the jury at its September 9th meeting. Plaintiff’s attorney appeared at this meeting and presented plaintiff’s opposition to the appropriation proceeding. After hearing plaintiff’s opposition, the Police Jury referred the matter to the Highway Committee for further study. At the October 14, 1970, meeting of the Police Jury, at which the attorney for plaintiff again appeared and reiterated his objections, the report of the Highway Committee recommending acceptance of the freeholders’ report was adopted by the Police Jury and the necessary resolution passed to effect the appropriation.
Plaintiff immediately filed this action to enjoin the appropriation, contending primarily the property appropriated is not needed for the use of the general public, has no public benefit and, therefore, is null and void. Alternatively, plaintiff alleged that even should the court find a public necessity for the appropriation, that the proceedings attempted by the Police Jury and Jury of Freeholders is void for the following omissions: (1) insufficient notice to plaintiff; (2) the proper oath was not taken by the freeholders as required by law; (3) that the amount of compensation was arrived at by the jury of freeholders prior to inspection of the land and without notice to plaintiff; (4) that the amount of compensation determined has not been tendered to plaintiff nor any appropriation made therefor by the Police Jury.
Plaintiff further alleged in the alternative that the amount of compensation fixed by the jury of freeholders is inadequate and that severance damages have resulted from the taking. (This issue has not been resolved by the trial court and is not involved on this appeal).
In his specifications of error and argument in brief the plaintiff has limited the issues on this appeal to the questions of public necessity and proper notice to him of the jury of freeholders’ proceedings to accord him due process of law.
In asserting there is no public necessity for the taking of the property for a public road, plaintiff relies principally on the case of Calcasieu & S. Ry. Co. v. Bel, 224 La. 269, 69 So.2d 40, and the provisions of La.C.C. art. 2626. Under plaintiff’s interpretation of the Bel case the evidence in any appropriation proceeding must show a substantial use by or benefit to a substantial number of the public for the appropriation to be within the permissive purposes intended by La.C.C. art. 2626 and Article 1, Section 2 of the La. Constitution.
We do not believe this standard declared by the court in the Bel case was intended to apply to a public body appropriating property for a public road. The Bel case involved a private corporation (railroad) acquiring a right-of-way for a spur track to serve an industrial customer. It was quite logical to weigh economic benefits to determine the public necessity of the proposed rail route. This is not at all analogous to the opening of a public road by a governmental body.
In the case of City of New Orleans v. New Orleans Land Co., 173 La. 71, 136 So. 91, the Supreme Court of this state cited with approval the language of Corpus Juris, Vol. 20, p. 551, et seq., defining public use and benefit as follows:
“The character of the use, and not its extent, determine the question of public use. It is not essential that the use or benefit extend to the whole public or any *917 considerable portion thereof, nor that each and every individual member of the community have the same degree of interest therein; the fact that the use and benefit is limited to the inhabitants of a small locality, or that the number of persons who are expected to avail themselves thereof is small, is immaterial provided it is open to all upon the same terms.”
Also see Nichols on Eminent Domain, Sec. 7, 221.
The evidence taken on trial of the rule for preliminary injunction shows that although there are not a great number of people residing in the area served by the George Road, there is a rural mail route extending to its northerly dead end at the Marshall-Pittman property line. In addition there are farming operations carried on by persons traveling from points north of this area to tracts along the George Road who must now travel an additional distance of up to 4.5 miles to reach their destination, whereas the distance could be cut to slightly in excess of one-half mile if the George Road is extended over plaintiff’s property to connect back into Louisiana 3047. The evidence also shows several oil wells are producing on the various tracts in this area and this road would make it more convenient to personnel servicing these wells.
We do not find it unreasonable for the Police Jury to connect an already existing dead end public road with a state highway to facilitate travel in the area even though the number of people using and served by the road may not be great in comparison to other roads in the parish.
The second assignment of error by plaintiff urging a nullity of the appropriation proceeding because of a lack of notice is based on the holding of the Supreme Court in the cases of Police Jury of St. Martin Parish v. Kidder, 4 La.App. 296, and Charles Tolmas, Inc. v. Police Jury of Parish of Jefferson, 231 La. 1, 90 So.2d 65, that sufficient notice must be accorded a landowner to render the statutory authority of a police jury to appropriate property for a road constitutional.
In the Tolmas case, supra, the court summarizes the purpose and extent of the notice requirement as follows:
“It is to be noted that in Revised Statutes, § 3369 et seq. no provision is made for notice to the landowner and opportunity to appear before the jury of freeholders concerning the laying out of a road. In the case of Police Jury of St. Martin Parish v. Kidder, 4 La.App. 296, it was held in regard to these sections of the Revised Statutes that the law on the subject intends that the owner must have timely notice since the Constitution in Article 1, Sections 2 and 6 — LSA guarantees this procedure. Although in the Kidder case the landowner received no notice whatsoever, the opinion points out that under the law not only must he be furnished notice of the meeting of the jury of freeholders but notice also of the meeting of the police jury for the reasons as stated by the court: ‘these sections of the Revised Statutes contemplate notice to the owner and opportunity for him to appear before the jury of freeholders concerning the course of the road and the damage to be paid on account of the same, before the right-of-way can be taken for the road. And as the police jury has power under the law to revise, correct or change the recommendations of the jury of freeholders, as to the course of the road, also as to the amount of damages which should be allowed on said account, the owner must have notice and opportunity to also appear before them at the time the report of the jury of freeholders is being considered and before acting thereon.’ This pronouncement is logical and sound for it may well be that the recommendations of the jury of freeholders would be altered, changed, or entirely rejected. The Constitution, Articles 1, Sections 2 and 6 assures that the essential elements of *918 due process of law are notice and an opportunity to be heard. It is basic law that the essential elements of due process of law are notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case.”
As we interpret the meaning of the two cited cases, a landowner must be notified of the appointment of a jury of freeholders and be given an opportunity to be heard by this body prior to their making a final conclusion as to the route of the road and the assessment of just compensation or damages. Secondly, the landowner must be accorded proper notice by the Police Jury to allow him to appear and be heard prior to the Jury accepting the recommendation and report of the jury of freeholders.
In his specification of error and argument in brief, counsel for plaintiff contends he was not notified prior to the jury of freeholders arriving at a value for the property to be taken.
This is the most serious objection raised by the plaintiff. The written notice sent to plaintiff read as follows:
“To: Mr. Kenneth Marshall
NOTICE IS HEREBY GIVEN that, at the place, date and hour set forth herein below, there will be a meeting of the Jury of Freeholders appointed by the Caddo Parish Police Jury for the purpose of laying out the extension of George Road from the point at which it is crossed by the boundary line between the Kenneth Marshall land and the J. C. Pittman land and extending to S R 3049.
As stated, the Freeholders will lay out the course of said road, and make inspections and examinations necessary to determine the value of the right of way for said road and the amount of damage (if any) caused by the taking of said right of way.
You are invited to be present to assist in the above matter and your cooperation will be appreciated.
The time and place are as follows:
DATE AND HOUR: 9:00 AM August 28
LOCATION: State Hwy 3049 & George Road Ext”
This notice, when considered in conjunction with the testimony in the record, indicates the jury of freeholders were willing to hear and consider any information plaintiff desired to present prior to submitting their report. Conceding this notice was rather short (18 hours), plaintiff and his attorney did appear and did not ask for a postponement. Nor did he avail himself of the invitation to be heard at the meeting. We do not deem it proper to nullify this proceeding merely because a discussion of value and a tentative valuation was arrived at prior to giving plaintiff an opportunity to be heard.
As pointed out in the Tolmas case, the recommendations of the jury of freeholders is subject to revision by the Police Jury who may change the route or the compensation after having heard any objections of the landowner. There is no question that plaintiff was afforded every opportunity to present his case before the Police Jury. Nor did the Police Jury act with undue haste as in the Kidder case. In any event, the entire question of necessity for the appropriation and adequate compensation therefor is subject to a determination by the court, as this is strictly a judicial function as held in the case of River & Rail Terminals, Inc. v. Louisiana Ry. & Nav. Co., 171 La. 223, 130 So. 337.
We find the proceedings carried out by the Police Jury in this matter are in substantial compliance with the statutory authority and are within the restrictive limitations of the constitutional provision allowing the taking of private property for public use.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed.