143 So. 268

NUNN v. LIST & WEATHERLY CONST. CO. et al.

No. 31855.

June 20, 1932.

Rehearing Denied July 20, 1932.

Harry V. Booth, of Shreveport, for appellant.

Lewis L. Morgan and A. S. Cain, Jr., both of New Orleans, and D. M. Ellison, of Baton Rouge, for appellee Louisiana Highway Commission.

LAND, J.

The Louisiana highway commission entered into a contract with the List & Weatherly Construction Company of Kansas City, Mo., for the construction of a trestle approach to the bridge over Red river at Shreveport, La. The approach was to extend over the river from Bossier parish to Caddo parish,

and through the smaller end of a triangular tract of three acres owned by plaintiff, a resident of the state of Georgia.

As alleged in plaintiff's petition, defendants herein, "on or about August 1931," began operations for the construction of the Bossier trestle approach to the Red river bridge, and, in doing so, defendants moved machinery, equipment, and construction materials of various kinds upon the property of plaintiff, constructed buildings, and built railroads thereon, established tracks there to remove material, destroyed fences located on plaintiff's property, cut through an embankment thereon which was formerly used as a levee, and performed various and sundry other acts, which plaintiff alleges constituted trespass in disturbance of his enjoyment, use, and possession of the premises, of which a strip of one-seventh of an acre is involved in this case.

The commission entered upon the property in August, 1931, and the plaintiff offered no protest against this physical invasion until the closing days of October or about the first of November, 1931, during which period the commission had expended thousands of dollars in the prosecution of the work.

On December 28, 1931, plaintiff filed the present suit in which he seeks, for the first time, a writ of injunction against defendants, restraining them from further proceeding and interfering with plaintiff's possession and enjoyment of his lands, and a mandatory injunction against the List & Weatherly Construction Company, commanding this company to remove obstructions already placed on plaintiff's property, as well as machinery, equipment, and material now being used by

the company in the operations for the construction of the trestle bridge approach.

The commission defends the suit upon two grounds. However, we find it necessary to consider only the first of these grounds, viz. that section 27 of Act No. 95 of 1921 (Ex. Sess.) provides: "After the Commission has laid out a road over a certain tract of land and the contract therefor has been let and begun work thereon the land owner shall not be entitled to prevent or retard the construction of the road by any legal process, but shall be remitted to an action for damages."

The clear purpose of this provision is to protect the state against excessive demands for compensation for property damaged or taken, by landowners who sit idly by while the state is engaged in the work, and is expending large sums in the prosecution of the same.

It would be clearly inequitable for the courts of this state to permit a landowner to invoke his own inaction as a weapon with which to drive the contractor and commission from a public work, and thus end the work to the serious loss of the commission, and then to use the same weapon to enforce an exaggerated claim for damages against the state.

In the lower court, the case was confirmed on default, and judgment rendered against the List & Weatherly Construction Company and the Louisiana highway commission.

The case was later reopened as to the commission, which alone applied for a new trial, with the result that plaintiff's demands were rejected and plaintiff's suit dismissed at his costs, as to the commission.

From this judgment plaintiff has appealed.

As pointed out in section 27 of Act No. 95 of 1921 (Ex. Sess.), the recourse of plaintiff, if any, is an action of damages.

Judgment affirmed.