149 So. 503

CARROLL v. LOUISIANA HIGHWAY COM-
MISSION et al.

No. 31516.

July 7, 1933.

Carroll, McCall, Plough & Carroll, of New Orleans, for appellant.

Lewis L. Morgan, of New Orleans, and E. R. Stoker, of Baton Rouge, for appellees.

ST. PAUL, Justice.

Plaintiff is the owner of two squares of ground in Jefferson parish lying very near the shore of Lake Pontchartrain; that is to say, only a projected street, forming practically the shore of said lake, lies between said property and said lake.

In 1916 one of the drainage districts of Jefferson parish, for the purpose of protecting said property and others from the waters of said lake, built a dyke or levee across a portion of said property, with the consent or at least the acquiescence of plaintiff.

About ten years later the drainage districts built another, and somewhat larger, levee nearer the lake but still on plaintiff's property.

In order to get the earth with which to build said new levee, the drainage district dug a canal or borrow pit parallel to and on the outside of said levee; said canal or borrow pit being also on plaintiff's land.

Plaintiff protested against the building of this new levee, claiming that it should be built off his land and on the public street adjoining. But he took no steps whatever to interfere with the building of said levee.

About three years after the completion of said levee (1928), the defendant highway commission obtained permission from the levee district to build a highway on top of said levee, on condition, however, that it should widen said levee at its own expense.

The highway commission thereupon proceeded to widen said levee by filling, with sand taken from the lake bottom, the canal or borrow pit which ran parallel to and along side of said levee on the lake side thereof.

Plaintiff knew that said canal was being filled and that a road was to be laid over it, but he took no steps to prevent what was being done.

About two years after the canal had been filled and the sand had settled sufficiently to allow the road to be surfaced, the highway

commission began spreading shells upon the road to surface it.

When the shelling of the road in front of plaintiff's property had been about, or entirely, completed (the record being not quite clear on that point), plaintiff attempted to enjoin the highway commission from proceeding further with its work.

The trial judge, who had issued a restraining order, recalled it when all the facts were made known to him; and refused to issue the injunction on the ground that no injunction could defeat the completion of the already completed, or practically completed, highway; and that plaintiff's only remedy, under the circumstances disclosed, was an action against the highway commission for the damages, if any, done to his property. From which judgment plaintiff has appealed.

The judgment is correct. "As pointed out in section 27 of Act No. 95 of 1921 (Ex. Sess.), the recourse of plaintiff, if any (under such circumstances) is an action of damages." Nunn v. List & Weatherly Const. Co. et al., 175 La. 293, 143 So. 268.

Section 27 of Act No. 95 of 1921 (Ex. Sess.), above referred to, reads as follows:

"After the Commission has laid out a road over a certain tract of land and the contract therefor has been let and begun work thereon the land owner shall not be entitled to prevent or retard the construction of the road by any legal process, but shall be remitted to an action for damages."

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the decree and hands down reasons.

ROGERS, and ODOM, JJ., concur in the decree.

O'NIELL, Chief Justice (concurring in the result).

I agree that the judgment appealed from should be affirmed, because the plaintiff, appellant, virtually consented that his property should be taken for the public purpose of constructing the highway, without just or adequate compensation being first paid. But I am adverse to quoting, as if it were valid legislation, that part of section 27 of Act No. 95 of 1921 (Ex. Sess.), which declares that, when a road has been laid out by the highway commission and the contract has been let and work has begun, the owner of the land over which the projected road is to be constructed cannot demand that adequate compensation shall be paid before his property can be taken for the construction of the proposed road. That provision in section 27 of the statute was decreed unconstitutional in the case of De Bouchel v. Louisiana Highway Commission, 172 La. 908, 135 So. 914, because that provision in the statute was found to be clearly violative of the provision in section 2 of article 1 of the Constitution of 1921 that private property shall not be taken or damaged for public purposes until just and adequate compensation has been paid. I submit that when a law is declared unconstitutional it is null and should not be cited afterwards as the law. It is true that the court made reference to that part of section 27 of the statute in the case of Nunn v. List & Weatherly Construction Co., 175 La. 293,

143 So. 268; but the citation was unfortunate, because it was not at all appropriate to the case of Nunn v. List & Weatherly Construction Co. and was already decreed to be absolutely null. If we continue to cite that part of section 27 of the statute which has been declared unconstitutional, the members of the bar may wonder whether we intend to adhere to our ruling in De Bouchel v. Louisiana Highway Commission, declaring that part of the statute unconstitutional.

I respectfully submit that the decision in De Bouchel v. Louisiana Highway Commission is correct, and makes that part of section 27 of Act No. 95 of 1921 (Ex. Sess.), which is now cited as if valid, as utterly null as if it had never been written.