In the petition of this suit instituted against the Louisiana Highway Commission and the Central Construction Company on May 22, 1940, plaintiffs make the following pertinent allegations:
"Petitioners further show that some time during the month of April, 1940, said defendants took charge of a portion of petitioners' property situated in the City of Alexandria, Rapides Parish, Louisiana, being described as part of Square 29 of the Upper Suburbs of said City of Alexandria, the same being all of said Square 29 with the exception of a strip fifty (50) feet wide extending the full length of said block, along Monroe Street, said block being bounded by Third, Fourth, and Monroe Streets and Bayou Rapides Protection Levee, the portion taken charge of, as aforesaid, by said defendants being the part of petitioners' property next to and adjoining Third Street.
"Petitioners further show that said defendant, Central Construction Company, under a contract or agreement with defendant, the said Louisiana Highway Commission, constructed upon a portion of petitioners' property as aforesaid, a fill or approach, the same having been built out of dirt and at the widest point extending over onto petitioners' property some 25 or 30 feet and extending the full width of petitioners' property, however, narrowing somewhat toward Monroe Street.
"Petitioners further show that this fill or earthwork is approximately fourteen (14) feet high at its highest point upon petitioners' property.
"Petitioners further show that said earthwork or fill is still in a rough and unfinished condition and that no pavement has been laid upon the same notwithstanding the fact that the defendants hereinabove referred to now propose and are preparing to finish said earthworks or fill and laying a concrete slap of pavement upon the upper or top surface of the same, thereby converting the same into a portion of the Louisiana State Highway System.
"Petitioners further show that the value of the property sought to be taken by said defendants from said petitioners without first making just compensation therefor, as well as the injury suffered by petitioners to the remaining portion of said property, is the sum of $1500.00."
In keeping with the quoted allegations, and with others contained in the petition, plaintiffs pray for injunctive relief restraining and preventing defendants from further trespassing on the property until the sum of $1,500 is paid. They also pray for the issuance of a mandatory injunction directing the removal of the earthwork or fill.
Additionally the prayer recites:
"Petitioners further pray in the alternative and only in the alternative, and in the event that the Court should hold that said defendants are entitled, under the law, to take petitioners' hereinabove referred to property under its right of eminent domain then, in that event petitioners pray that there be judgment herein in their favor and against the defendants, Central Construction Company and the Louisiana Highway Commission, individually and in solido, in the just and full sum of $1500.00, together with interest thereon at the rate of 5% per annum from the date said defendants took possession of said property and committed said trespass, until date of payment."
On the hearing of a rule nisi, there was issued a preliminary writ of injunction enjoining any further trespass on the property. *Page 344 
No timely appearance was made by defendant Louisiana Highway Commission as required by the citation duly served on it; and the district court, on confirmation of default, rendered and signed the following judgment:
"This cause having come on for confirmation of default, the defendant, Louisiana Highway Commission, having been duly and legally cited to appear and answer plaintiffs' petition and more than fifteen days having elapsed since that time, a default having been entered against said defendant subsequent to the elapsing of the said fifteen days, said defendant having failed to answer or enter an appearance herein, plaintiffs having proved their demands in open Court, and for the reasons orally assigned, it is therefore,
"Ordered, Adjudged and Decreed that there be judgment herein in favor of plaintiffs, Sidney Raxsdale, Mary M. Raxsdale, Frank M. Raxsdale, and Edward M. Raxsdale, through his tutor, Sidney Raxsdale, and against the defendant, Louisiana Highway Commission, in the full sum of One Thousand Five Hundred ($1,500.00) Dollars, together with interest thereon at the rate of Five Percent per annum from May 24, 1940, until paid, together with all costs of these proceedings.
"It is further ordered, adjudged and decreed that the temporary injunction granted herein by judgment read and signed on June 11, 1940, be and the same hereby is made permanent and perpetuated and made absolute, and accordingly the Louisiana Highway Commission is hereby restrained, prohibited and enjoined from making or allowing any further trespass upon the property of plaintiffs situated in Square 29 of the Upper Suburbs of the City of Alexandria, La., until such time as the moneyed portion of this judgment is by it paid in full.
"It is further ordered, adjudged and decreed that the right of plaintiffs to proceed further against the other defendant, Central Construction Company, be and the same is hereby reserved to said plaintiffs."
Subsequently the Louisiana Highway Commission filed a motion for a new trial. Later it withdrew the motion and requested and perfected this appeal.
Plaintiffs' demands as against the defendant, Central Construction Company, are not before us for consideration.
The brief of appellant discloses that only one question is presented by the appeal, and that is whether or not the judgment, insofar as it orders the payment of $1,500, is in conformity with the pleadings and prayer of the petition. The concluding paragraph of such brief reads: "Counsel for the defendant, Louisiana Highway Commission, therefore submits that the judgment herein rendered is not responsive to the pleadings, insofar as it carries with it an award of damages and that said judgment should be either amended by this court, so as to eliminate the moneyed portion thereof, or this cause should be remanded to the lower court for a retrial and correction of said erroneous judgment."
No complaint is registered to that part of the court's judgment which makes permanent the previously issued preliminary injunction "until such time as the moneyed portion of this judgment is by it paid in full"; although we doubt that it is well founded in law.
The above propounded and solely presented question, we think, must be answered in the affirmative.
The record contains neither a note of evidence nor a statement of facts; however, the judgment, as is above shown, recites that plaintiffs proved their demands in open court. In view of these circumstances, according to the well settled jurisprudence of this state, it may be assumed that the district judge acted on proper and sufficient evidence when confirmation of the default occurred. Proceeding on and from this assumption, due proof was made of plaintiffs' allegations that, at the time of the suit's commencement, there existed the described earthwork or fill across plaintiffs' property which had been erected for use as a road base in the state highway system; and that the damages caused thereby amounted to $1,500.
This proven factual situation did not warrant, and the court could not legally grant, the injunctive relief which plaintiffs sought under the main demand of their action. These persons had stood by and permitted the appellant, an agency with the right or power of eminent domain, to take their property and to incur expenses and enter into contracts of a burdensome character with reference thereto. They did not attempt to assert their rights to an injunction when the undertaking or road *Page 345 
project began. Consequently an action for the damages that has been occasioned is the only remedy now available to them. McCutchen v. T. P. Railroad Co., 118 La. 436, 438, 43 So. 42; Brooks v. City of Shreveport, 160 La. 104, 105, 106 So. 710; Carroll v. Louisiana Highway Commission, et al., 177 La. 865,149 So. 503.
But in the alternative, plaintiffs alleged themselves entitled to, and they prayed for, said damages of $1,500 "in the event that the court should hold that said defendants are entitled, under the law, to take petitioners' hereinabove referred to property under its right of eminent domain". As before shown, the district court could not legally interfere by way of injunction with appellant's highway construction work that had already commenced; but it could and did grant the damages sought by plaintiffs under the alternative claim urged in the petition. The pleadings and prayer are sufficient to permit the award.
Accordingly, the judgment is affirmed.